UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASMINE WINCHESTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-386-SDD-SDJ** |
| **EXPERIAN, TRANS UNION, AND EQUIFAX** | |

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report and Recommendation. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 26, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASMINE WINCHESTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-386-SDD-SDJ** |
| **EXPERIAN, TRANS UNION, AND EQUIFAX** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jasmine Winchester filed this cause of action in forma pauperis on June 13, 2022. (R. Doc. 1). Plaintiff, who is appearing without the assistance of counsel, sued Experian, Trans Union, and Equifax, alleging each consumer reporting agency violated the Fair Credit Reporting Act. (R. Doc. 16). Plaintiff quickly settled with Equifax after filing suit, leaving only Experian and Trans Union as Defendants. (R. Doc. 13) (Notice of Settlement with filed June 13, 2022). Experian has since filed a Motion to Dismiss (R. Doc. 26), claiming insufficient process and insufficient service of process. Trans Union has also moved for dismissal. (R. Doc. 33). Notwithstanding these pending Motions (R. Docs. 26, 33), the Court took this matter under advisement following the last Status Conference that Plaintiff again failed to attend (R. Doc. 35).

As outlined below, the Court need not reach the pending Motions, as it **RECOMMENDS** dismissal of Plaintiff's cause of action for failure to prosecute. Since this litigation began, Plaintiff has:

- **Failed to attend either Scheduling or Status Conferences on three separate occasions** — (1) January 26, 2023 (R. Doc. 21), (2) February 2, 2023 (R. Doc. 22) (plaintiff initially

    failed to attend but was eventually reached by opposing counsel; upon joining the conference, Plaintiff seemed unaware of this litigation), and (3) September 14, 2023 (R. Docs. 24, 35) — despite each Conference being set by Court Order;

- **Failed to provide Rule 26(a)(1) Initial Disclosures** within the Court's deadline (R. Doc. 25), or at any other time (R. Doc. 29-1 at 2); (R. Doc. 29-2 at 3);

- **Wholly failed to respond to Trans Union's written discovery served on May 22, 2023** (R. Doc. 29-2 at 2-3), or otherwise participate in discovery (R. Doc. 29-2 at 1-4);

- **Continuously failed to respond to communications from opposing counsel** (R. Doc. 29-1 at 2-3) (detailing opposing counsel's efforts to communicate with Plaintiff to no avail); (R. Doc. 29-2 at 3) ("Trans Union's counsel has also attempted to confer with Plaintiff, via phone, on July 5, 2023, July 7, 2023, July 11, 2023, and August 9, 2023, leaving voice messages, but Plaintiff never returned any of the calls."); and

- **Failed to respond to multiple Motions** – two Motions to Dismiss (R. Doc. 26) (motion to dismiss for insufficient service of process); (R. Doc. 33) (motion to dismiss for failure to prosecute or participate in litigation), and a Motion to Compel (R. Doc. 29) (Plaintiff never responded to discovery requests or provided initial disclosures).

    Put simply, Plaintiff has taken no action to further this litigation. The Court has heard nothing from Plaintiff since March 16, 2023, when Plaintiff participated in a Scheduling Conference (R. Doc. 24). And because Plaintiff has not responded to any discovery or even communications from opposing counsel, Defendants have not been able to make any progress in discovery or otherwise. Therefore, this litigation has remained stagnant for 7 months due to Plaintiff's inaction and failure to comply with Court Orders.

Local Rule 41(b) allows the Court to dismiss any cause of action for the plaintiff's failure to prosecute. Plaintiff was notified of the requirements of the Scheduling Order and reminded of the need to participate in discovery and to comply with Court Orders at the March 16, 2023 Scheduling Conference. (R. Doc. 24) (Court also provided Plaintiff with resources for pro se litigants). Plaintiff not only failed to comply with any of those requirements but has taken no action to further this case since March of 2023. And so, for the reasons given above,

**IT IS RECOMMEDED** that Plaintiff's cause of action be **DISMISSED without prejudice** for failure to prosecute under Local Rule 41(b). The **14-day objection period** that follows this Report and Recommendation serves as **notice** to Plaintiff that this cause of action is subject to **dismissal** for Plaintiff's inaction.

The Court further **RECOMMENDS** that, if the district judge adopts its recommendation for dismissal, then the pending Motions to Dismiss (R. Docs. 26 and 33) and the Motion to Compel (R. Doc. 29) should be **DENIED as moot**.

Signed in Baton Rouge, Louisiana, on October 26, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**